**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT TOWNSEND, | No. 09-55452 |
| Plaintiff - Appellant, | D.C. No. 8:08-cv-00527-AG-AN |
| v. | |
| CHASE BANK USA, N.A.; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted July 12, 2011[**]

Before:    SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

Robert Townsend appeals pro se from the district court's judgment

dismissing his action alleging, among other claims, violations of the federal and

California Fair Debt Collection Practices Acts ("FDCPA").  We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Accordingly, Townsend's request for oral argument is denied.

under 28 U.S.C. § 1291.  We review de novo a dismissal for failure to state a claim, *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 932 (9th Cir. 2007) (per curiam), and for an abuse of discretion a denial of leave to amend, *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002).  We may affirm on any ground supported by the record, *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008), and we affirm.

Townsend's federal and California FDCPA claims arising from the Mann Bracken letters are barred by the one-year statute of limitations.  *See* 15 U.S.C. § 1692k(d); Cal. Civ. Code § 1788.30(f); *Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935, 940 (9th Cir. 2009) ("[A] limitations period begins to run when the plaintiff knows or has reason to know of the injury which is the basis of the action." (citation and internal quotation marks omitted)).  Townsend fails to state a claim under the federal or California FDCPA as to the Pallisades Collection letter because the "least sophisticated debtor" would not "likely be misled" by defendants' letter.  *Guerrero*, 499 F.3d at 934; *see also* 15 U.S.C. §§ 1692e-1692f; Cal. Civ. Code §§ 1788.13, 1788.17.  Accordingly, the FDCPA claims were properly dismissed.

The district court did not abuse its discretion by denying leave to amend to file a fourth amended complaint.  *See Chodos*, 292 F.3d at 1003.

Townsend's remaining contentions, including those concerning his RICO and defamation claims, are unpersuasive.

We treat Townsend's request for judicial notice as citation of supplemental authorities under Fed. R. App. P. 28(j).

Townsend's "Motion and Affidavit for Transcripts at Government Expense" is denied.

**AFFIRMED.**